IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISTIE COLEMAN | ) |
| | ) |
| v. | ) Case No. 3:21-cv-0271 |
| | ) |
| CAPITAL LINK MANAGEMENT, LLC; | ) |
| SAMUEL PICCIONE; DENISA | ) |
| PICCIONE; and JONATHAN RINKER | ) |

To: The Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge

### REPORT AND RECOMMENDATION

Pending before the Court are (i) Plaintiff's motion to enforce settlement agreement (Docket No. 45) and (ii) Plaintiff's [amended] motion to strike response in opposition to the motion to enforce settlement agreement. (Docket No. 49.) For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's motion to enforce settlement agreement be GRANTED IN PART and Plaintiff's motion to strike be denied as moot.

### Background

Familiarity with this case is presumed and only the factual and procedural background necessary to explain or give context to this report and recommendation are recited. Plaintiff brought this case under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"), for allegedly false statements and misrepresentations made by Defendants, whom Plaintiff contends are debt collectors attempting to collect a debt within the meaning of the FDCPA. Following an initial case management conference, a case management schedule and plan were adopted (Docket No. 33) and the case was set for trial. (Docket No. 34.)

Shortly thereafter, Defendants' counsel filed a motion to withdraw (Docket No. 37), which was conditionally granted, and Defendants were directed to retain substitute counsel. (Docket No.

39.) However, new counsel did not enter any appearance on behalf of Defendants by the deadline of February 4, 2022. (*Id.*)

The parties were directed to participate in a status/case management conference on April 1, 2022, unless a settlement was reached prior to that date during mediation scheduled for March 31, 2022. (Docket No. 36.) The parties did not notify the Court of a settlement prior to the April 1 status/case management conference. Nor did any party join the telephonic conference at the designated time. However, the mediator, Magistrate Judge (Ret.) Joe B. Brown, advised the Court that, during a routine follow up with the parties prior to the scheduled mediation, he was notified that the case had settled. (Docket No. 42.)

Accordingly, the Court instructed Plaintiff to submit a motion for dismissal or other filing in resolution of the case by May 2, 2022. (*Id.*) On April 29, 2022, Plaintiff filed a notice of settlement (Docket No. 43) and requested until July 5, 2022, to submit a filing in resolution of the case. The Court permitted Plaintiff until July 8, 2022, to seek final resolution. (Docket No. 44.)

On July 8, 2022, Plaintiff filed the instant motion to enforce settlement agreement (Docket No. 45)[1], in which she seeks payment of a then-unpaid settlement payment and attorneys' fees.[2] Defendants filed a response in opposition to the motion, contending that the final settlement payment was made and that the requested attorneys' fees are neither appropriate nor reasonable.

---

[1] The Court notes that the exhibits appended to Plaintiff's motion do not include the mandatory description of exhibits required by the Court's CM/ECF filing requirements. By unnumbered docket entry on July 12, 2022, Plaintiff's counsel was instructed by the Clerk to file a notice listing each exhibit with a brief description, which was not done. This has resulted in an inordinate expenditure of judicial resources in scrolling through the general filings to reference specific exhibits. Plaintiff's counsel are reminded of their obligation to comply with the Court's CM/ECF filing requirements and that the failure to do so may result in adverse consequences, including affecting their continued ability to practice in this Court.

[2] The final settlement payment was subsequently made. *See* Docket No. 47-1 at 2.

(Docket No. 47.)³ Plaintiff then filed a motion to strike the response, or alternatively, to treat the motion to strike as a reply. (Docket No. 49.) Plaintiff asserts that the attorneys who filed the response on behalf of Defendants were not properly retained, as they had previously withdrawn.⁴

**Analysis**

A district court has the inherent power to enforce a settlement agreement between parties in litigation. *Bamerliease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992); *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). A court can exercise this power "even if that agreement has not been reduced to writing." *Bowater N. Am. Corp. v. Murray Mach.*, 773 F.2d 71, 77 (6th Cir. 1985). The power of a trial court to enforce a settlement agreement "has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Kukla v. National Distillers Products Co.,* 483 F.2d 619, 621 (6th Cir. 1973).

"Whether the parties actually reached an agreement is a question of fact for the district court," *Moore v. U.S. Postal Serv.*, 369 F. App'x. 712, 717 (6th Cir. 2010), which is governed by state contract law. *See Cuyahoga Valley Ry. Co. v. U.S. Bank Trust Nat'l Ass'n*, 515 F. App'x. 494, 498 (6th Cir. 2013) ("Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law.").⁵ Here, there does not appear to be any dispute that the parties entered into a settlement agreement. *See* Docket

---

³ *See also* Docket No. 49 at 4 (indicating that final settlement payment was made on July 11, 2022).

⁴ The Court addressed this issue by requiring Defendants' counsel to file proper notices of appearance (Docket No. 50), which they did, and the Court therefore finds it unnecessary to spend additional time on this argument.

⁵ The settlement agreement provides that Tennessee law governs. (Docket No. 45-1 at 23.) Defendants do not argue that any other state law controls.

3

No. 47 at 1-2 (Defendants' response acknowledging the parties' settlement).[6]

Instead, the dispute centers around whether "attorneys' fees were actually incurred by Plaintiff" and the sufficiency of the evidence as to the reasonableness of the claimed attorneys' fees. (Docket No. 47 at 2.) Defendants argue that the request for attorneys' fees must be denied because Plaintiff "failed to demonstrate that the attorneys' fees were actually incurred." (Docket No. 47 at 2.) This is an incorrect statement of the law.[7] Under Tennessee law on contractual fee-shifting, the term "incurred" means the ordinary parlance of becoming liable for or obligated to pay. *Developers Diversified of Tennessee, Inc. v. Tokio Marine & Fire Insurance Co.*, 2019 WL 1861322, at *7-8 (M.D. Tenn. Apr. 25, 2019).[8] Here, the Court finds sufficient evidence that attorneys' fees were incurred by Plaintiff. *See* Docket No. 49-1.

However, Plaintiff's argument that no invoices or other documentation of the incurred fees is required goes too far. The requesting party bears the burden of demonstrating that the requested fees

---

[6] The settlement agreement relied upon by Plaintiff does not contain the signatures of all the parties. *See* Docket No. 45-1 at 20-24. However, agreements need not even be reduced to writing to be enforceable contracts, unless required by law. *Bill Walker & Assocs., Inc. v. Parrish*, 770 S.W.2d 764, 771 (Tenn. Ct. App. 1989) (internal citation omitted). Given that verbal agreements can be enforced, it follows that lack of signatures is generally not fatal to the binding force of an agreement. *See Moody Realty Co., Inc. v Huestis*, 237 S.W.3d 666, 674-75 (Tenn. Ct. App. 2007) (signatures are not always essential to establish a binding contract). Further, to the extent that a writing is required, the Tennessee Supreme Court has held that an email that includes the name of a party's attorney may satisfy the statute of frauds requirement of a signed writing, if the parties, through their attorneys, have evidenced an intent to finalize the transaction by electronic means under the Uniform Electronic Transactions Act. *Waddle v. Elrod*, 367 S.W.3d 217, 226-29 (Tenn. 2012) (internal citation omitted). The specific transaction at issue in the *Waddle* case was a settlement agreement. Here, to the extent the statute of fraud applies at all, the Court finds that the emails between the parties' respective counsel demonstrate their intent to finalize the settlement electronically, and that the emails otherwise satisfy the statute of frauds requirement of a signed writing evidencing their intended settlement. *See* Docket No. 45-1.

[7] Although, admittedly, Defendants cite no supporting legal authority for the statement.

[8] To the extent necessary, the Court finds that Plaintiff is the prevailing party in enforcement of the settlement agreement, which allows for "reasonable attorney's fees and costs" to the prevailing party. (Docket No. 45-1 at 22.) Defendants make no argument to the contrary.

4

are reasonable, which requires at least some documentation. *Developers Diversified*, 2019 WL 1851322, at *9. Further, the Court's local rules expressly require such supporting documentation. *See* Local Rule 54.01(c).

The Court has reviewed the second affidavit of Plaintiff's counsel in support of the requested attorneys' fees. (Docket No. 49-1.) Based on the work itemized and the filings made, the Court finds that, while the requested hourly rate is within the range of reasonableness, the total requested fees are not reasonable. Given the years of experience of Plaintiff's counsel, Jeffrey Wood, and the relative simplicity of the issues presented, the Court finds that the amount of time spent on research and preparation of the filings is excessive.

The Court therefore makes the following reductions:

(i)  research time by .7 hours;

(ii) time for preparation of the initial motion to enforce settlement agreement by 2.3 hours;

(iii) time spent reviewing Defendants' two-page opposition by .3 hours; and,

(iv) time spent drafting reply to Defendants' response by .7 hours.

This results in a total reduction of 4 hours at $300 per hour, or $1,200. These are conservative reductions consistent with the factors articulated by the Tennessee Supreme Court for determination of reasonableness of requested fees. *Developers Diversified*, 2019 WL 1861322, at *9 (internal citations omitted). The issues raised in the initial motion and responsive briefings are neither novel nor complicated. Further, an attorney of Mr. Wood's experience and hourly rate is expected to be more efficient in preparation of filings. With these reductions, attorneys' fees in the amount of $1,590 are awardable under the prevailing party provision of the settlement agreement.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

(1)  Plaintiff's motion to enforce settlement agreement (Docket No. 45) be granted in part and Plaintiff awarded attorneys' fees as the prevailing party in the amount of $1,590; and

(2)  Plaintiff's [amended] motion to strike response in opposition to the motion to enforce settlement agreement (Docket No. 49) be denied as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge